FILED
MARCH 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01437   Document 1   Filed 03/11/2008   Page 1 of 9

08 C 1437

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE NORGLE
MAGISTRATE JUDGE SCHENKIER

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>ASSOCIATED INTERIORS, INC., an Illinois Corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) No.<br>)<br>) Judge<br>)<br>) Magistrate Judge  **J. N.**<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, ASSOCIATED INTERIORS, INC., an Illinois corporation as follows:

    1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

          (b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

    2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

    3.    (a)    The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUTNY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

  (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

  (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

  4. (a) Defendant, ASSOCIATED INTERIORS, INC.("**Associated**"), is an Illinois corporation and is doing business within this Court's jurisdiction.

  (b) **Associated** is an employer engaged in an industry affecting commerce.

  5. **Associated** has entered into a collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees. (See memorandum of agreement attached hereto as Exhibit "1")

  6. By virtue of certain provisions contained in the collective bargaining agreements, **Associated** is bound by the Trust Agreement establishing the Funds.

  7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Associated** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for **January 1, 2004 through August 31, 2007, Associated** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. Due to its failure to pay the contributions, **Associated** is further obligated to pay delinquent contributions in the amount of $7,984.00, liquidated damages based on such delinquencies in the amount of $798.40 and $786.25 in audit costs. These amounts total $9,568.65. (See audit summary page attached hereto as Exhibit "2")

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Plaintiffs be awarded $9,568.65, as provided in the applicable agreements and ERISA Section 502(g)(2).

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

C. **Associated** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION FUND, et al.**

By:   S/Philip Brzozowski
　　　One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

4

**EXHIBIT 1**

# MEMORANDUM OF AGREEMENT

Firm  Associated Interiors, Inc.     Address  9224 Marion – PO Box 438

City  Morton Grove    State  IL   Zip  60053   Phone  (847) 966-7350

THIS AGREEMENT is entered into between the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DUPAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MCHENRY and WILL COUNTIES, ILLINOIS, hereinafter referred to as the "UNION" and

## ASSOCIATED INTERIORS, INC.

its successors and assigns, hereinafter referred to as the "EMPLOYER".

This Agreement is made in consideration of the instant promises of the UNION and the EMPLOYER and the parties do hereby agree as follows:

1.  The EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER has reviewed valid evidence and agrees that the UNION is the exclusive designated Bargaining Representative of a majority of the appropriate bargaining unit employees of the EMPLOYER.

2.  The EMPLOYER and the UNION, hereby incorporate by reference and agree to be bound by the Area Agreements in effect on the date this document is executed through their respective expiration dates. Those Agreements include, but are not limited to, the following:

the Area Agreement negotiated between the UNION and the Mid-America Regional Bargaining Association (M.A.R.B.A.), the Addendum negotiated between the UNION and the Residential Construction Employers Council (R.C.E.C.) covering Cook, Lake and DuPage Counties, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Grundy County, the Agreement negotiated between the Union and the Contractors Association of Will and Grundy Counties covering Will County, the Agreement negotiated between the Union and the Residential Construction Employers Council (R.C.E.C.) covering Will County, the contract negotiated between the UNION and the Kankakee and Iroquois County Contractors Association, the Agreement negotiated between the UNION and the Fox Valley Contractors Association, and the Residential Construction Employers Council (R.C.E.C.) covering Kane, Kendall and McHenry County, as well as any contracts

C:/Memorandum of Agreement.doc
Revised 1/97

negotiated between the UNION and other associations involved in various subtrades within the Union's occupational jurisdiction.

3. The EMPLOYER agrees to be bound by the terms of the Trust Agreements of the Fringe Benefit Trust Funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 2 hereof and all rules and regulations adopted by the Trustees thereof. The EMPLOYER further agrees to make prompt payments of the per hour contributions with respect to each Trust Fund for all Employees performing bargaining unit work and/or covered by the Agreement including nonbonded and nonsignatory subcontractors as required by the applicable provisions of each agreement.

4. This Agreement and the adoption of the Area Agreement and Declarations of Trust referred to in paragraphs two and three above, shall be effective upon the date that this document is executed and remain in full force and effect to and including the expiration date of the respective Area Agreements adopted herein. Unless the EMPLOYER gives written notice to the UNION of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent agreements(s).

5. EMPLOYER HEREBY ACKNOWLEDGES RECEIPT OF THE AREA AGREEMENT AS WELL AS COPIES OF THE AGREEMENTS INCORPORATED BY REFERENCE THEREOF FOR ALL TEN (10) COUNTIES.

IN WITNESS WHEREOF the parties have executed this Memorandum of Agreement the _13th_ day of _December_ 19 _99_

EMPLOYER: Associated Interiors, Inc.

CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS

By: Eileen M. Mangoni, President
(Print or Type Name) (Title)

_____ _____
(Signature) (District Council Officer)

2

C:/Memorandum of Agreement.doc
Revised 1/97

**EXHIBIT 2**

**Levinson Simon & Sprung, P.C.**
Certified Public Accountants

566 W. Lake St.
Suite 3 West
Chicago, IL 60661-1414
(312) 655-0037
Fax (312) 655-9145

October 23, 2007

Will County Carpenters
Local 174 Health-Welfare
& Pension Funds
1403 Essington Road
Suite 100
Joliet, Illinois 60435

Re:  Associated Interiors, Inc.
     Case # WCCAR-0807-76
     Case # WCCAR-1007-93

Gentlemen:

In accordance with your instructions we have performed certain agreed upon procedures to the individual earnings records, job location records, funds reports and general disbursement records presented for our inspection by the above mentioned employer. The purpose of the inspection was to determine the accuracy of the employer's monthly contributions to the Will County Carpenters Local 174 Health-Welfare & Pension Funds for the period January 1, 2004 through August 31, 2007. This agreed upon procedure engagement was performed in accordance with the standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of the Will County Carpenters Local 174 Health-Welfare & Pension Funds.

Attached hereto are yearly schedules showing the detail of the difference in rates computation of the amounts due to the Funds. The findings consist of the following:

1. Difference in Rates for Commercial Agreement. Hours that were worked in Will County but reported to another local. Difference in rates per Fund.

Our examinations indicated that the employer owes the following amounts for the period audited, exclusive of interest.

|  | Amount Due |
|---|---|
| Pension Fund | $ 7,884.15 |
| WGIAT | 59.91 |
| 3-River Alliance | 39.94 |
| Sub-Total | $ 7,984.00 |
| 10% Liquidated Damages | 798.40 |
| Audit Costs | 786.25 |
| Total | $ 9,568.65 |