IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, ) ) ) ) | Case No. 08 C 1437 |
| Plaintiffs, ) ) | Honorable Judge Norgle |
| v. ) ) | Magistrate Judge Schenkier |
| ASSOCIATED INTERIORS, INC., an Illinois Corporation, ) ) ) ) | |
| Defendants. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

The Defendant, ASSOCIATED INTERIORS, INC. by and through its attorneys, Allocco, Miller & Cahill, P.C., and answers Plaintiffs' Complaint as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

**ANSWER:** Defendant admits the allegations in Paragraphs 1(a-b).

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUTNY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

 (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

 (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**ANSWER:** Defendant admits the allegations in Paragraphs 3(a-c).

4. (a) Defendant, ASSOCIATED INTERIORS, INC.("Associated"), is an Illinois corporation and is doing business within this Court's jurisdiction.

 (b) Associated is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant admits the allegations in Paragraphs 4(a-b).

5. Associated has entered into a collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees. (See memorandum of agreement attached hereto as Exhibit "1")

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. By virtue of certain provisions contained in the collective bargaining agreements, Associated is bound by the Trust Agreement establishing the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7.   Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, Associated is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**  Defendant admits the allegations in Paragraph 7.

8.   Plaintiffs are advised and believe that for January 1, 2004 through August 31, 2007, Associated has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:**  Defendant admits the allegations in Paragraph 8.

9.   Due to its failure to pay the contributions, Associated is further obligated to pay delinquent contributions in the amount of $7,984.00, liquidated damages based on such delinquencies in the amount of $798.40 and $786.25 in audit costs. These amounts total $9,568.65. (See audit summary page attached hereto as Exhibit "2")

**ANSWER:**  Defendant denies the allegations in Paragraph 9.

ASSOCIATED INTERIORS, INC.

/s/ Todd A. Miller
One of Defendant's Attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, Amended Answer to Plaintiffs' First Amended Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 27th day of March, 2008, which will send notice of such filings to the following:

Philip Brzozowski<br>
Arnold and Kadjan<br>
19 West Jackson Blvd.<br>
Chicago, Illinois 60604<br>
(312) 236-0415

          /s/ Todd A. Miller
          One of Defendant's Attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841